Eastern District of Kentucky
FILED

APR 20 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CRIMINAL ACTION NO.: <u>5:25-CR-096-KKC</u>**

**UNITED STATES OF AMERICA**                 **PLAINTIFF**

**V.**                 **PLEA AGREEMENT**

**DANIEL HOSKINS**                 **DEFENDANT**

\*   \*   \*   \*   \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts Two and Three of the Indictment. Counts Two and Three both charge violations of 18 U.S.C. § 2251(a), Production of Child Pornography. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts One and Counts Four through Seven of the Indictment and agrees not to bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Counts Two and Three are:

   (a)     The Defendant knowingly employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

   (b)     The visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce.

3. As to Counts Two and Three, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about June 2, 2025, and June 3, 2025, in Madison County, in the Eastern District of Kentucky, the Defendant, Daniel Hoskins, produced child pornography with the minor victim, a 16-year-old girl. Specifically, on the dates specified the Defendant, incarcerated in the Madison County Detention Center, instructed the child to produce child pornography using the detention center's video jail call system.

(b) On or about June 2, 2025, the Defendant participated in a video jail call with the minor victim. On that call, the Defendant instructed the child to show the Defendant her vagina and the child complied.

(c) On or about June 3, 2025, the Defendant participated in a video jail call with the minor victim. On that call, the Defendant instructed the child to show the Defendant her vagina and the child complied.

(d) The Madison County Detention Center uses an internet based video jail call system, a means or facility of interstate commerce.

4. The statutory punishment for Counts Two and Three is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and not more than life. A mandatory special assessment of $200 applies and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court. An additional special assessment of $5,000 may apply for non-indigent defendants, pursuant to 18 U.S.C. § 3014. There is also an additional special assessment of up to $50,000, pursuant to 18 U.S.C. § 2259A(a)(3). The Defendant will pay these assessments as applied to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4. No agreement exists with respect to whether the Defendant engaged in a pattern of activity involving prohibited sexual conduct pursuant to U.S.S.G. § 4B1.5(b)(1).

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised

3

release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. The Defendant agrees to pay restitution in an amount to be determined at sentencing to the victim. Restitution to victims is mandatory pursuant to 18 U.S.C. §§ 2259, 3663, and 3663A, and the amount will be determined by the Court. The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading

guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613 and 2259A(a), whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available

to the United States to enforce the judgment.  The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset.  The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13.  If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14.  This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.  The United States has not made any other promises to the Defendant.

15.  This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16.  The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

6

PAUL C. McCAFFREY
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 4/20/26                    By: _____
                                     Justin Blankenship
                                     Assistant United States Attorney

Date: 4-20-26                    _____
                                 Daniel Hoskins
                                 Defendant

Date: 4-20-26                    _____
                                 Pamela Perlman
                                 Attorney for Defendant

7