UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-096-KKC

UNITED STATES OF AMERICA                                    PLAINTIFF


V.                          **MEMORANDUM ADDRESSING**
                    **UNRESOLVED GUIDELINE OBJECTIONS**


DANIEL HOSKINS                                             DEFENDANT

                            *   *   *   *   *

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objections to the Presentence Investigation Report ("PSR") that affect the guideline calculations. As discussed in more detail below, it is the position of the United States that two (2) additional enhancements, pursuant to U.S.S.G. §§ 2G2.1(b)(5) and 3A1.1(b)(1) should apply to the Defendant's offense level.

### STANDARD

As is known to this Court, "[a]t sentencing, the court….must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing…." Fed. R. Crim. P. 32(i)(3)(B). In resolving a disputed portion of the PSR, "[t]he court may not blindly accept the PSR, but '[w]hen a defendant fails to produce any evidence to contradict the facts set

forth in the PSR, a district court is entitled to rely on those facts when sentencing the defendant.'" *United States v. Poulsen*, 655 F.3d 492, 513 (6th Cir. 2011) (citing *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir.2007). "The government's burden is triggered when the defendant 'produce[s] some evidence that calls the reliability or correctness of the alleged facts into question' that is more than a 'bare denial.'" *Id*. *United States v. Lang*, 333 F.3d 678, 681 (6th Cir.2003).

"Sentencing judges may engage in judicial fact-finding and consider evidence under a preponderance of the evidence standard." *United States v. Shannon*, 803 F.3d 778, 788 (6th Cir. 2015) (internal citation omitted). "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3; *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992) ("[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.").

## I.      Objection 1 – Custody and Control

The United States objects to the lack of inclusion of an enhancement pursuant to U.S.S.G. § 2G2.1(b)(5). That section of the Guidelines allows for a 2 level enhancement

when a "defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant. U.S.S.G. § 2G2.1(b)(5). Application Note 5 of § 2G2.1(b)(5) is clear that (b)(5) "is intended to have a broad application and includes offenses involving a minor entrusted to the defendant, temporarily or permanently." U.S.S.G. § 2G2.1, N. 5(A). The Note goes on to say that "the court should look to the actual relationship that existed between the defendant and the minor and not simply the legal status" in determining whether to apply the enhancement. *Id.*

Evidence presented at the hearing will show that the minor child in this case lived with the Defendant leading up to his arrest and relied on the Defendant for money, food, and hygiene items. Even after his arrest, the child had access to the Defendant's bank account and relied on him financially. Because of the child's financial vulnerability, this allowed Hoskins to exert a considerable amount of control over the child even from the confines of the Madison County Detention Center. While she was not physically in the custody or control of the Defendant during the actual commission of the crime, the minor victim's reliance on the defendant and his control over her created a pseudo-parent or guardian type relationship between the pair. Perhaps not better evidence of the hold that Hoskins possessed over the child is the crime itself, which included the repeated exertion of pressure and acquiescence by the child to produce child pornography while the Defendant was incarcerated. Through a prolonged pattern of grooming, both leading up to the crime and continuing through commission of the crime, the Defendant created a situation in which the victim lived with and relied on the Defendant like a parent or

guardian. An examination of the actual relationship and a broad application of the enhancement counsels that the enhancement should apply. *Id*.

II.      **Objection 2 – Vulnerable victim**

The United States also objects to the lack of inclusion of an enhancement pursuant to U.S.S.G. § 3A1.1(b)(1). That section of the Guidelines allows for a 2 level enhancement when the Defendant knew or should have known that a victim of the offense was a vulnerable victim. U.S.S.G. § 3A1.1(b)(1). The victim in this case had an extraordinarily troubled home life that included multiple attempts at intervention by the Kentucky Department of Community Based Services. The Defendant started a friend of the victim's mother and was fully aware of the victim's circumstances. It was the victim's difficult home life and her lack of basic needs that allowed her to be particularly vulnerable to the grooming behavior in which the Defendant engaged. The Defendant purchased the child food, hygiene items, and provided her a place to live, none of which would have been necessary if her life at home had been more stable.

Further, the victim in this case was in a volatile and criminal sexual relationship with another adult male. The specifics of this relationship were not only known to the Defendant, but were at times facilitated by him. Evidence presented at the sentencing will show that at one point the victim ran away from the Defendant in order to be with this other adult male. Eventually, the child contacted the Defendant to come and get her from the second adult male's home. Upon picking the child up, the Defendant became angry with the victim because he saw bruises on her neck from sexual contact with the second adult male. For that reason, the Defendant then angrily returned the victim back to the second

adult male's home and dropped her back off. The second adult male was arrested by state authorities for his involvement with the victim. The minor victim's victimization by the second adult male led her back to the Defendant and made her particularly traumatized and vulnerable. Hoskins' knowledge of this relationship is well established.

Given these two particularized vulnerabilities, and the Defendant's knowledge thereof, the application of a 2-level enhancement under U.S.S.G. § 3A1.1(b)(1) is appropriate.

**CONCLUSION**

For the aforementioned reasons, and those to be further discussed at the sentencing hearing, it is the position of the United States that two additional enhancements, as discussed above, are appropriate and should be included in the Defendant's offense level. The United States will provide testimony at the sentencing hearing from the following witnesses:

1. Special Agent Kassandra McKenzie, FBI (10 minutes) – SA McKenzie will likely testify about the nature of the Defendant and the victim's relationship, including his continued exerted control over her during his incarceration. She is also familiar with the victim's homelife and her victimization by the second adult male.

2. Britnee Hall, Department of Community Based Services (10 minutes) – Hall will likely testify as to the attempted DCBS interventions into the victim's homelife, her victimization by others, and the particularities of her vulnerabilities.

Respectfully submitted,

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

By: s/ Justin E, Blankenship
Justin E. Blankenship
Assistant United States Attorney
601 Meyers Baker Rd., Suite 200
London, KY 40741
(606) 864-5523
Justin.blankenship2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 19, 2026, the foregoing was electronically filed

through the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ *Justin E. Blankenship*
Assistant United States Attorney
